IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHNNY L. BUTLER                                                PETITIONER

vs.              Civil Case No. 2:09CV00159 HLJ

T. C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

>    1.  Why the record made before the Magistrate Judge is inadequate.
>
>    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

On March 30, 2007, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, <u>Butler v. Sanders</u>, No. 2:07CV00041, contending he is entitled to credit on a federal sentence he received in 1991 for 407 days during which he was held by federal officials awaiting trial on federal charges in Tennessee. This court found he had been given credit for those days on a state sentence he received in Florida, and it dismissed

the petition on July 28, 2008.  Butler v. Sanders, 2008 WL 2945590 (E.D.Ark. July 28, 2008).  The Eighth Circuit Court of Appeals summarily affirmed that decision, Butler v. Sanders, No. 08-3126 (8th Cir. February 2, 2009), and the United States Supreme Court denied certiorari on June 1, 2009.  Butler v. Sanders, 129 S.Ct. 2753 (2009).

On June 29, 2009, Petitioner filed a second § 2241 petition in the United States District Court for the District of Columbia,[1] again challenging the computation of his federal sentence and seeking credit on his federal sentence for the 407 days.  The District of Columbia court transferred the petition to this district on October 23, 2009.  DE #10, #11.

This court has previously determined Petitioner's claim.  Section 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in [28 U.S.C. § 2255]."  Since this section refers to a person held "pursuant to a judgment of a court of the United States," it embraces petitions under § 2255 and § 2241.

---

[1] Petitioner named the Bureau of Prisons as the Respondent, and served the United States Attorney General in Washington, D.C.

> Section 2255 provides:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The very language of this section of § 2255 limits its application to petitions challenging convictions, which are ordinarily brought only under § 2255, because the language simply cannot be applied to challenges to the execution of sentences, such as in the present action under § 2241.  <u>Valona v. U.S.</u>, 138 F.3d 693, 694 (7th Cir. 1998).

Section 2244(b)(3)(A), provides that, before a "second or successive" § 2254 petition is filed in the district court, the petitioner must first obtain authorization in the appropriate court of appeals.  The language of this section limits its application to § 2254 petitions.  <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 656 (1996); <u>Valona v. U.S.</u>, 138 F.3d at 694.  This court agrees with the Third Circuit's conclusion that "[i]n enacting AEDPA, Congress was focusing on the problem of repetitive habeas challenges to criminal convictions, state and federal," and it "did not undertake to

4

address the dissimilar categories of habeas petitions filed under § 2241...." Zayas v. I.N.S., 311 F.3d 247, 258 (3rd Cir. 2002).

I find the language in § 2244(a) is absolute as it relates to § 2241 petitions, and that it is directed to circuit courts and district courts. Thus, I find Petitioner is not required to obtain authorization from the Eighth Circuit to proceed here, because this court has previously determined the issues raised by Petitioner, and he has not raised any circumstances that would preclude the application of § 2244(a).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 18th day of February, 2010.

/s/ Henry L. Jones, Jr.
United States Magistrate Judge